## FIDELITY AND CASUALTY COMPANY

*v.*

## THE MACAFEE COMPANY.

[Decided February 1st, 1907.]

*P. L. 1896 p. 300* provides that the receiver of a corporation shall have power to send for persons, and to examine them on oath respecting the corporation's affairs, and that if any person shall refuse to be sworn, the court of chancery may, on report of the receiver, commit such person to

prison.—*Held*, that where service of a summons was made by the receiver on a person without the state, the courts of the state had no authority to make an order adjudging such person in contempt for failing to appear.

Proceedings on behalf of the receiver of the defendant company to punish John B. MacAfee as for a contempt. Heard on petition of receiver and proofs attached thereto.

By a final decree in this court, entered on the 18th day of June, 1906, the above-named defendant was in this suit decreed to be insolvent, and an injunction in pursuance of the statute was issued against it and its officers, and a receiver was appointed for it.

John B. MacAfee was at that time the president of the defendant corporation.

On the 26th day of October, 1906, the receiver caused to be served, in the city of Philadelphia, in the State of Pennsylvania, upon said John B. MacAfee personally, a summons or notice in the nature of a subpœna, requiring the said John B. MacAfee to appear before the receiver, at 127 Market street, Camden, New Jersey, on the 1st day of November, 1906, at the hour of eleven o'clock in the forenoon, to be examined, on oath or affirmation, respecting the affairs and transactions and estate, money, goods, chattels, credits, notes, bills and choses in action, real and personal estate and effects of every kind of the MacAfee Company, * * * and also respecting its debts, obligations, contracts and liabilities, and the claims against it, and then and there to produce before the said receiver the minute-book and the stock and transfer-books of said corporation, and all papers and documents of whatever sort in the possession of the said John B. MacAfee, or under his control, relating to the stock issue of said corporation, the terms thereof and the disposition thereof and the payment therefor; also all papers and documents of whatever sort showing or relating to the incorporation and organization of said corporation and the purchase of property by it; also the day-book, journal, ledger, bank-book or books, vouchers, and all other books, papers and records relating to the organization, business, property and affairs of said corporation.

It is recited therein that

"this summons is served upon you pursuant to the power in me vested as receiver of the MacAfee Company, an insolvent corporation, by virtue of the laws of the State of New Jersey, and particularly section 71 of an act of the legislature of the State of New Jersey entitled 'An act con cerning corporations' (Revision of 1896)."

Said section reads as follows:

"Such receiver shall have power to send for persons and papers, and to examine any persons, including the creditors and claimants, and the president, directors and other officers and agents of the corporation, on oath or affirmation (which oath or affirmation the receiver may administer), respecting its affairs and transactions, and its estate, money, goods, chattels, credits, notes, bills and choses in action, real and personal estate and effects of every kind, and also respecting its debts, obligations, contracts and liabilities, and the claims against it; and if any person shall refuse to be sworn or affirmed, or to make answers to such questions as shall be put to him, or refuse to declare the whole truth touching the subject-matter of the said examination, the court of chancery may, on report by the receiver, commit such person to prison, there to remain until he shall submit himself to be examined, and pay all the costs of the proceedings against him."

On the 1st of November, 1906, at the time and place aforesaid, the said John B. MacAfee did not appear. Thereupon the receiver, on the 24th of December, 1906, filed what is termed a petition, but what may as well be termed a report under the language of the section just quoted, and in the said paper prayed that an order might be made adjudging the said John B. MacAfee in contempt, and that he be punished therefor.

An order to show cause why the prayer of this petition should not be granted was, on the date of the filing of the petition, made, and on the 27th day of December, 1906, a true copy thereof was served upon the said John B. MacAfee personally, in the city of Philadelphia and State of Pennsylvania. That order was returnable on the 31st day of December, 1906. Upon the return day the court was attended by counsel for the petitioner and by Messrs. Collins & Corbin, who, with the permission of the court, entered a special appearance for John B. MacAfee, restricting their appearance to objecting to the jurisdiction of the court to grant the prayer of the petition aforesaid.

*Mr. John M. Enright,* for the petitioner.

*Messrs. Collins & Corbin,* for John B. MacAfee.

GARRISON, V. C. (after stating facts).

I am of opinion that this court is without jurisdiction to make the order prayed for in this proceeding.

It will be observed that the statute provides that

"if any person shall refuse to be sworn or affirmed * * * the court of chancery may, on report by the receiver, commit such person to prison, there to remain until he shall submit himself to be examined, and pay all the costs of the proceedings against him."

While this proceeding is not exactly in conformity with the statute, I am of opinion that it is sufficiently so to raise the question whether, under this act and the proceedings in this case, the person named may, by the order of this court, be ordered to be committed to prison, &c.

Without considering the constitutionality of the seventy-first section of the Corporation act, which is quoted in full in the above statement of facts, it is clear that the power thereby vested in the receiver is not and cannot be any broader than the analogous power vested in the courts of the highest primary jurisdiction in the state.

The process to compel the attendance of witnesses in those courts is ineffectual unless served upon the person within the territorial limits of the state. *State* v. *Trumbull,* 4 *N. J. Law* (*1 South.*) *139.*

I cannot perceive how the process which the receiver may issue under the cited section of the Corporation act can have any other or greater effect than the similar process of the courts just adverted to.

Since the summons, notice or subpœna issued by the receiver in this suit was not served within the territorial limits of this state, this court is without the power to commit the person upon whom the same was served outside of the territorial limits of this jurisdiction.

This determination rests upon such elemental principles of our law that I deem it unnecessary to cite authorities or precedents, or to indulge in further reasoning concerning the situation.

The prayer of the petition will be denied.